# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:17-cv-00522<br><br><br><br>PATENT CASE<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. (Uniloc Luxembourg") (together, "Uniloc"), as and for their complaint against defendant, Apple Inc. ("Apple"), allege as follows:

## THE PARTIES

1. Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Apple is a California corporation having a principal place of business in Cupertino, California and regular and established places of business at 2601 Preston Road, Frisco, Texas and 6121 West Park Boulevard, Plano, Texas as well as other locations in Texas. Apple offers its products and/or services, including those accused herein of infringement, to customers and

potential customers located in Texas and in the judicial Eastern District of Texas. Apple may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,653,508)

5. Uniloc incorporates paragraphs 1-4 above by reference.

6. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,653,508 ("the '508 Patent"), entitled HUMAN ACTIVITY MONITORING DEVICE that issued on January 26, 2010. A true and correct copy of the '508 Patent is attached as Exhibit A hereto.

7. Uniloc USA is the exclusive licensee of the '508 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

8. Apple manufactures, uses, sells, offers for sale and/or imports into the United States electronic devices such as iPhones, iPads and Watches that are equipped with motion sensors (such as, pedometers, gyroscopes and accelerometers), processors to detect motion and associated software that are capable of counting steps or other periodic human motions by monitoring accelerations relative to the dominant axis (together "Accused Infringing Devices").

9. Apple has directly infringed, and continues to directly infringe one or more claims of the '508 Patent in the United States during the pendency of the '508 Patent, including at least

claims 1-3, 6-7, and 11-12 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

10. In addition, should use of the Accused Infringing Devices be found to not literally infringe the asserted claims of the '508 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the '508 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (counting steps or other periodic human motions), in substantially the same way (using components such pedometers, gyroscopes and accelerometers, processors to detect motion and associated software), to yield substantially the same result (providing a calculation of the distance traveled by monitoring accelerations relative to the dominant axis). Apple would thus be liable for direct infringement under the doctrine of equivalents.

11. Apple has indirectly infringed and continues to indirectly infringe at least claims 1-3, 6-7, and 11-12 of the '508 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Apple's customers who use such devices in accordance with Apple's instructions directly infringe claims 1-3, 6-7, and 11-12 of the '508 Patent in violation of 35 U.S.C. § 271. Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.apple.com
- https://support.apple.com
- https://appleid.apple.com
- https://itunes.apple.com

- www.youtube.com

Apple is thereby liable for infringement of the '508 Patent under 35 U.S.C. § 271(b).

12. Apple has indirectly infringed and continues to indirectly infringe at least Claims 1-3, 6-7, and 11-12 of the '508 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '508 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

13. Apple will have been on notice of the '508 Patent since, at the latest, the service of this complaint upon Apple. By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-3, 6-7, and 11-12 of the '508 Patent.

14. Apple may have infringed the '508 Patent through other devices and software utilizing the same or reasonably similar functionality, including through the sale and distribution of third party apps, such as Pedometer and Stepz, Runtastic, Microsoft Band, Nike+Run Club and/or Strava Running, that allow a user of iPhones, iPads and/or Watches to count steps or other periodic human motions by monitoring accelerations relative to the dominant axis as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

15. Uniloc has been damaged by Apple's infringement of the '508 Patent.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 8,712,723)

16. Uniloc incorporates paragraphs 1-4 above by reference.

17. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,712,723 ("the '723 Patent"), entitled HUMAN ACTIVITY MONITORING DEVICE that issued on April 29, 2014.  A true and correct copy of the '723 Patent is attached as Exhibit B hereto.

18. Uniloc USA is the exclusive licensee of the '723 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

19. Apple manufactures, uses, sells, offers for sale and/or imports into the United States electronic devices such as iPhones, iPads and Watches that are equipped with motion sensors (such as, pedometers, gyroscopes and accelerometers), processors to detect motion and associated software that are capable of counting steps or other periodic human motions when accelerations showing a motion cycle that meets motion criteria is detected (together "Accused Infringing Devices").

20. Apple has directly infringed, and continues to directly infringe one or more claims of the '723 Patent in the United States during the pendency of the '723 Patent, including at least claims 1, 2, 5, 6, 10-12, and 14-17 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

21. In addition, should use of the accused devices be found to not literally infringe the asserted claims of the '723 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the '723 Patent.  More specifically, the Accused Infringing Devices perform substantially the same function (counting steps or other periodic human motions), in substantially the same way (using components such as pedometers, gyroscopes, accelerometers,

5

processors to detect motion and associated software), to yield substantially the same result (providing a calculation of the distance traveled when accelerations showing a motion cycle that meets motion criteria is detected). Apple would thus be liable for direct infringement under the doctrine of equivalents.

   22. Apple has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 5, 6, 10-12, and 14-17 of the '723 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Apple's customers who use such devices in accordance with Apple's instructions directly infringe claims 1, 2, 5, 6, 10-12, and 14-17 of the '723 Patent in violation of 35 U.S.C. § 271. Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.apple.com
- https://support.apple.com
- https://appleid.apple.com
- https://itunes.apple.com
- www.youtube.com

Apple is thereby liable for infringement of the '723 Patent under 35 U.S.C. § 271(b).

   23. Apple has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 5, 6, 10-12, and 14-17 of the '723 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or

combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '723 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24. Apple will have been on notice of the '723 Patent since, at the latest, the service of this complaint upon Apple. By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1, 2, 5, 6, 10-12, and 14-17 of the '723 Patent.

25. Apple may have infringed the '723 Patent through other software and devices utilizing the same or reasonably similar functionality, including through the sale and distribution of third party apps, such as Pedometer and Stepz, Runtastic, Microsoft Band, Nike+Run Club and/or Strava Running, that allow a user of iPhones, iPads and/or Watches to count steps or other periodic human motions by monitoring accelerations to determine when a motion cycle meets motion criteria as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

26. Uniloc has been damaged by Apple's infringement of the '723 Patent.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 7,881,902)

27. Uniloc incorporates paragraphs 1-4 above by reference.

28. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,881,902 ("the '902 Patent"), entitled HUMAN ACTIVITY MONITORING DEVICE that issued on April 29, 2014. A true and correct copy of the '902 Patent is attached as Exhibit C hereto.

29. Uniloc USA is the exclusive licensee of the '902 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

30. Apple manufactures, uses, sells, offers for sale and/or imports into the United States electronic devices such as iPhones, iPads and Watches that are equipped with motion sensors (such as, pedometers, gyroscopes and accelerometers), processors to detect motion and associated software that are capable of detecting motion and when the motion does not have a motion signature of a user activity that the mobile device is configured to monitor, entering a sleep mode (together "Accused Infringing Devices").

31. Apple has directly infringed, and continues to directly infringe one or more claims of the '902 Patent in the United States during the pendency of the '902 Patent, including at least claims 1-4 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

32. In addition, should use of the accused devices be found to not literally infringe the asserted claims of the '902 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the '902 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (detecting motion or other user activity), in substantially the same way (using components such pedometers, gyroscopes, accelerometers, processors to detect motion and associated software), to yield substantially the same result (detecting motion and when the motion does not have a motion signature of a user activity that the mobile device is configured to monitor, entering a sleep mode). Apple would thus be liable for direct infringement under the doctrine of equivalents.

33. Apple has indirectly infringed and continues to indirectly infringe at least claims 1-4 of the '902 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Apple's customers who use such devices in accordance with Apple's instructions directly infringe claims 1-4 of the '902 Patent in violation of 35 U.S.C. § 271. Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.apple.com
- https://support.apple.com
- https://appleid.apple.com
- https://itunes.apple.com
- www.youtube.com

Apple is thereby liable for infringement of the '902 Patent under 35 U.S.C. § 271(b).

34. Apple has indirectly infringed and continues to indirectly infringe at least Claims 1-4 of the '723 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '723 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35. Apple will have been on notice of the '902 Patent since, at the latest, the service of this complaint upon Apple. By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-4 of the '902 Patent.

36. Apple may have infringed the '902 Patent through other software and devices utilizing the same or reasonably similar functionality, including through the sale and distribution of third party apps, such as Pedometer and Stepz, Runtastic, Microsoft Band, Nike+Run Club and/or Strava Running, that allow a user of iPhones, iPads and/or Watches to count steps or other periodic human motions by monitoring accelerations relative to the dominant axis as described above. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

37. Uniloc has been damaged by Apple's infringement of the '902 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Apple as follows:

(A)  declaring that Apple has infringed the '508 Patent, the '723 Patent and the '902 Patent;

(B)  awarding Uniloc its damages suffered as a result of Apple's infringement of the '508 Patent, the '723 Patent, and the '902 Patent;

(C)  awarding Uniloc its costs, attorneys' fees, expenses and interest; and

(D)  granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: June 30, 2017                              Respectfully submitted,

                                                                                   */s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean G. Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

11